1118

Eulalie K. HAMMOND, Kevin E. Linck, and Lynn Linck, Appellants v.
TILGHMAN LAKES, INC., and Hugh J. Skelley, Jr., Respondents.
(362 S. E. (2d) 446)

Court of Appeals

*B. Michael Brackett,* of *Sherrill & Townsend,* Columbia, *for appellants.*

*John P. Henry,* Conway, *for respondents.*

Heard Nov. 16, 1987.

Decided March 28, 1988.

BELL, Judge:

This is an action for specific performance of a contract to convey real property. The purchasers, Kevin E. Linck and Lynn Linck,[1] admit they were in default on the contract, but claim the default should be excused because the seller Tilghman Lakes, Inc., did not give them a proper notice of default and an opportunity to cure before terminating the agreement. The circuit court found that the Lincks had both proper notice and an opportunity to cure. It also found that at no time did they tender performance and that they were not in a position to comply with the contract themselves. The court, therefore, dismissed the action. The Lincks appeal. We affirm.

The dispositive question on appeal is whether the circuit court erred in finding Tilghman Lakes gave proper notice of default under the terms of the contract.

The contract called for closing on or before April 20, 1985. The Lincks did not close on that date because the two institutions from which they sought purchase money loans refused to approve their credit. They concede that their failure to close on April 20, 1985, was an event of default under the contract. They argue, however, that Tilghman's written notice of default was defective because it declared the contract to be in default for failure to obtain financing. Since failure to obtain financing is not made an event of default by the contract, the Lincks assert the notice was not effective.

The purpose of a notice of default is to give the party allegedly in default an opportunity to cure the default and meet his obligation. *Wickahoney Sheep Company v. Sewell*, 273 F. (2d) 767 (9th Cir. 1959). Notice of default also informs the defaulting party that the other is not waiving his right to performance of the contract. In the absence of a different agreement of the parties, the law will consider any notice sufficient if it accomplishes these purposes.

If the contract itself prescribes the manner of giving

---

[1] Eulalie K. Hammond, Mrs. Linck's mother, was originally a party to the sale. For reasons related to financing the purchase, her name was later removed from the contract, leaving the Lincks as purchasers. Hugh J. Skelley, Jr., an officer of Tilghman Lakes, is the person who eventually purchased the property after the Lincks defaulted.

notice, the parties are bound to comply with its terms.

Notice given in the manner specified by the contract will ordinarily be deemed sufficient without futher enquiry. However, notice in a prescribed manner is not required where a party has actual notice and has not suffered prejudice by the other's failure strictly to follow the contract. *Wickahoney Sheep Company v. Sewell, supra.*

On May 8, 1985, Tilghman sent a written notice of default by registered mail. It unequivocally stated that Tilghman was holding the Lincks in default. The contract required no more. The Lincks knew they were in default for failure to close the transaction on April 20, 1985. They knew the contract gave them five days after notice to cure the default. They did not do so. Since the notice of default was in the manner prescribed by the contract and was also sufficient as a matter of law, the circuit court correctly determined that Tilgman had given proper notice.

We have carefully considered the remaining issues raised by the Lincks' exceptions. We find it unnecessary to address them as they are manifestly without merit. *See* Section 14-8-250, Code of Laws of South Carolina, 1976, as amended.

Affirmed.

SHAW and CURETON, JJ., concur.